against it. We find no fault with the conclusion that Schaeffer was required to indemnify 1319. However, we note from the record that while the jury was deliberating on the main action counsel for plaintiff and 1319 entered into a stipulation which provided that, in the event the jury returned a verdict in favor of 1319 against plaintiff, 1319 would, nevertheless, pay to plaintiff the sum of $50,000; in the event that the jury returned a verdict in favor of plaintiff and against 1319 in excess of $100,000 plaintiff would accept the sum of $100,000, inclusive of interest, costs and disbursements in full and complete satisfaction; and finally, in the event that the jury returned a verdict in excess of $100,000 against 1319, 1319 assigned to plaintiff the portion thereof "with respect to its actions against the third party defendant". Since 1319, by this stipulation, effectively limited its liability to plaintiff in the sum of $100,000 inclusive of interest, costs and disbursements we hold that the indemnity to which it is entitled is limited to that amount. Concur — Murphy, P. J., Sandler, Bloom, Fein and Asch, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE TAVAREZ, Also Known as FAUSTUS DE LO SANTOS, Appellant. — Judgment, Supreme Court, New York County (Leonforte, J.), rendered on April 17, 1980, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur — Kupferman, J. P., Sullivan, Ross, Fein and Milonas, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VLADIMIR KUSH-NIR, Also Known as WALTER KUSHNIR, Defendant-Appellant. — Judgment, Supreme Court, New York County (Moldow, J.), rendered on January 6, 1981, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur — Ross, J. P., Carro, Lupiano, Silverman and Milonas, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL KUSH-NIR, Appellant. — Judgment, Supreme Court, New York County (Moldow, J.), rendered on January 6, 1981, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur — Ross, J. P., Carro, Lupiano, Silverman and Milonas, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY SANTIAGO, Appellant. — Judgment, Supreme Court, New York County (Dickens, J.), rendered on October 9, 1979, unanimously affirmed. Application by appellant to adjourn the appeal denied. No opinion. Concur — Ross, J. P., Carro, Lupiano, Silverman and Milonas, JJ.

■ MILTON SUBOTSKY et al., Respondents, v MAX J. ROSENBERG et al., Appellants. — Order, Supreme Court, New York County (Pecora, J.), entered January 13, 1981, unanimously reversed, on the law, and defendants-appellants' motion to dismiss the complaint granted, without prejudice however to a motion by plaintiffs-respondents at Special Term to replead in a more definite and certain manner, with costs and disbursements. So far as can be ascertained from a rather vague and sketchy complaint, plaintiffs have sued for breach of several contracts said to have been made between the individual plaintiff and some of the defendants; the rights in the contract seem to have been assigned by plaintiff to a corporation other than the corporate coplaintiff and by it in turn to the coplaintiff; and the suit is to recover from some of the defendants certain profits paid to some of the defendants instead of to plaintiffs. Special Term's decision included a grant of a part of defendants' motion to join the interim assignee-assignor corporation as a necessary party to the